UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TANH HUN LAM,

               Plaintiff,

     v.

UNITED STATES,

               Defendants.

No.  2:17-cv-1295 KJN P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff is a federal prisoner.  On June 23, 2017, plaintiff filed a document styled, "Civil Right[s] Complaint for Equitable Relief Under Article III, Section 2 of the Constitution of the United States."  (ECF No. 1.)  Plaintiff asks the court to grant him permission to re-file a motion under 28 U.S.C. § 2255 in his underlying criminal proceeding.  (ECF No. 1 at 11.)

First, plaintiff may not seek permission to file a second § 2255 through a complaint for equitable relief.  Rather, plaintiff must seek permission from the Court of Appeals for the Ninth Circuit.  "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."  28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3).

Second, the court's own records reveal that on January 30, 2017, plaintiff filed a motion styled "Motion for Relief from the Judgment under Article III Section 2 of the Constitution," in plaintiff's underlying criminal case, United States v. Lam, No. 2:97-cr-0054 WBS (E.D. Cal.)

////

(ECF No. 479).[1]  Although plaintiff's motion was 10 pages with 11 pages of attachments, and the instant "complaint" is 12 pages, comparison of these two documents reveals plaintiff's allegations are virtually identical, including relying on the same cases in support of his requested relief.[2]  Due to the duplicative nature of the present action, the court will recommend that the complaint be dismissed.

Third, on April 24, 2017, plaintiff filed a request to amend the title of his motion for relief in No. 2:97-cr-0054 WBS to substitute "Civil Rights Complaint for Equitable Relief."  Id. (ECF No. 485.)  On April 24, 2017, the district court denied plaintiff's motion, stating:  "Changing the title of the pleading would neither change its substantive content nor cure its defects."  Id. (ECF No. 487 at 1.)  Because plaintiff again seeks the same relief he sought in his underlying criminal action, the complaint must be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that the complaint be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

////

////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2]  In addressing the January motion for relief, the undersigned found that plaintiff raised his argument regarding Massaro v. United States, 538 U.S. 500 (2003), in his September 15, 2005 motion for relief from judgment, which the district court denied on November 30, 2005, because the motion was successive under 28 U.S.C. § 2255.  No. 2:97-cr-0054 WBS KJN (ECF No. 484).  On April 19, 2017, the undersigned recommended that the January 30, 2017 motion also be construed as a § 2255 motion and denied as successive.  No. 2:97-cr-0054 WBS KJN (ECF No. 484).  On May 18, 2017, the district court adopted the findings and recommendations and denied the motion.  No. 2:97-cr-0054 WBS KJN (ECF No. 487).

2

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 5, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/lam1295.56